TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
gsgilchrist@townsend.com; glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.


MICHAEL J. BETTINGER (State Bar No. 122196)
RACHEL R. DAVIDSON (State Bar No. 215517)
K&L GATES
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
mike.bettinger@klgates.com
rachel.davidson@klgates.com

J. MICHAEL KEYES (*Pro Hac Vice*)
K&L GATES
618 West Riverside Avenue, Suite 300
Spokane, WA 99201
Telephone: (509) 624-2100
Facsimile: (509) 456-0146
mike.keyes@klgates.com

Attorneys for Defendant
ESPRIT US DISTRIBUTION, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> ESPRIT US DISTRIBUTION, LTD., et al., <br><br> Defendants. | Case No. C 07-0910 SI <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

- 1 -

The parties stipulate, subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 26(c), that the following provisions shall govern the production and handling of documents, answers, responses, depositions, pleadings, exhibits, and all other information exchanged by the parties throughout the proceedings in this action.

1. Any confidential information produced by any party or non-party as part of discovery in this action may be designated by the producing party as "Confidential" or "Confidential - Attorneys' Eyes Only." As a general guideline, a document should be designated "Confidential" when it contains confidential, technical or other information that may be reviewed by the receiving party's designated representatives and technical experts but must be protected against disclosure to third parties. A document should be designated "Confidential - Attorneys' Eyes Only" when it contains secrets or confidential business information such as marketing strategy, sales, costs, profits, production, pricing or customer relations which would put the producing person or entity at a competitive disadvantage if the information became known to employees of the receiving party or other third parties. By designating a document or other information as "Confidential" or "Confidential - Attorneys' Eyes Only," counsel for the producing party are certifying under Rule 11 their good faith belief, after reasonable investigation, that the designation is proper under the standards applicable to obtaining such a protective order by way of motion.

2. Information designated "Confidential" or "Confidential - Attorneys' Eyes Only" may be used only in connection with this action, and not for any other purpose. Further, such information may not be disclosed to anyone except as provided in this Order.

3. a. Any party or non-party wishing to come within the provisions of this Order may designate in writing the documents (as defined in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001), interrogatory answers, responses to requests for admission, any other written discovery response or disclosure, or any portions thereof which it considers confidential at the time the documents, answers, or responses are produced. Each page of the document must be marked "Confidential" or "Confidential - Attorneys' Eyes Only"

by the producing party.

        b.     In the instance of deposition testimony, the witness under deposition and/or his or her counsel shall invoke the provisions of this Order in a timely manner and designate the level of confidentiality during the deposition. Parties shall be excluded only from testimony designated "Confidential - Attorneys' Eyes Only" (except parties that fall under paragraph 5 below). The witness under deposition and/or his or her counsel also shall have the right, within thirty (30) days of receiving a transcript of the deposition, to designate or change the level of confidentiality of the transcript or portion thereof. Nothing herein shall prohibit counsel from communicating the general substance of deposition testimony to the client for purposes of case management, deposition preparation, trial or settlement, provided that any designation of particular deposition testimony as "Confidential" or "Confidential - Attorneys' Eyes Only" is respected.

4.    Any documents stamped "Confidential," as well as any copies or excerpts thereof or analyses or reports which pertain thereto, may be made available only to:

    a.    Attorneys of record, in-house counsel, and outside counsel for the receiving party and their employees and other agents participating in the prosecution or defense of this action;

    b.    The United States District Court for the Northern District of California, including all of its legal and clerical personnel, or any judicial body before which an action is subsequently pending ("the Court");

    c.    Representatives of the parties to this action who are actively involved in assisting counsel and who agree to use the information solely for the purposes of this action;

    d.    Independent experts or consultants not associated directly or indirectly with a party;

    e.    Outside stenographic court reporters and language translators as reasonably necessary;

    f.  A deponent or other witness who authored, received, or saw the document or who is otherwise familiar with the document.

5. Any documents stamped "Confidential - Attorneys' Eyes Only," as well as any copies or excerpts thereof or analyses or reports which pertain thereto, may be made available only to:

    a.  Attorneys of record, in-house counsel, and outside counsel for the receiving party and their employees participating in the prosecution or defense of an action;

    b.  The United States District Court for the Northern District of California, including all of its legal and clerical personnel, or any judicial body before which this action is subsequently pending ("the Court");

    c.  Independent experts or consultants not associated directly or indirectly with a party;

    d.  Outside stenographic court reporters and language translators as reasonably necessary;

    e.  A deponent or other witness who authored, received, or saw the document or who is otherwise familiar with the document.

6. Each person falling within paragraphs 4.d-e and 5.c-d above who is permitted by the parties or their counsel to have access to designated information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order for review. After reading this Order, the person shall sign a statement in the form attached as Exhibit A confirming that they have read the Order and agree to comply with its terms.

7. The restrictions set forth in this Order will not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or that becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents where such conduct would otherwise be a

- 4 -

breach of this Order.

8. Nothing in this Order shall preclude any party herein, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party, even though the same information or documents may have been produced in discovery in this action and designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

9. Nothing in this Order shall preclude any party herein or their attorneys (a) from showing a document designated as "Confidential" or "Confidential - Attorneys' Eyes Only" to an individual who prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any documents or information from the party's own files which the party itself has designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

10. If a party wishes to file with or otherwise submit to the Court any document or evidence which is designated as "Confidential" or "Confidential - Attorneys' Eyes Only" the following procedure shall apply:

    a. If a party seeks to file its own Confidential/Confidential - Attorneys' Eyes Only material under seal, it may file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified in Court Local Rule 79-5.

    b. Any party or person filing Confidential/Confidential - Attorneys' Eyes Only material which has been designated as such by another should either: (1) obtain the producing party's (or non-party's) agreement that the material may be re-designated as non-confidential material, or obtain an order that said material is not entitled to confidential protection, or (2) file a motion to file under seal in compliance with Court Local Rule 79-5 at the same time the pleadings that contain or have attached thereto the

- 5 -
STIPULATED PROTECTIVE ORDER    *Levi Strauss & Co. v. Esprit US Distribution, Ltd., et al.*
Case No. C 07-0910 SI

said Confidential/Confidential - Attorneys' Eyes Only information are filed with the Court.  If a party elects to file the said Confidential/Confidential - Attorneys' Eyes Only material under seal in compliance with Local Rule 79-5, an affected party or non-party may within five business days file its own cross-motion to file the material under seal.  The hearing, if any, on the request for filing under seal shall take place on or before the hearing, if any, of the request/motion in chief.

11. Any document or evidence filed with or otherwise submitted to the Court which is designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be submitted in an 8-1/2 inch by 11 inch sealed envelope or other suitable container. The submitting party must affix a cover sheet to the document and to its envelope or container which must: (1) set out the information required by Northern District Civil Local Rule 3-4(a) and (b); (2) set forth the name, address and telephone number of the submitting party; (3) if filed pursuant to a previous Court order, state the date and name of the Judge ordering the matter filed under seal and attach a copy of the order; if filed pursuant to statute or rule, state the authorizing statute or rule and good cause for filing the submitted matter under seal; or (4) if lodged concurrently with a motion to file under seal, state "lodged concurrently with motion to file under seal"; and (5) prominently display the notation "**DOCUMENT FILED UNDER SEAL**."

12. If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's "Confidential" or "Confidential - Attorneys' Eyes Only" information, any such information disclosed by the third party and designated "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the provisions of this Order will be accorded the same protection as the parties' "Confidential" or "Confidential - Attorneys' Eyes Only" information, and will be subject to the same procedures as those governing disclosure of the parties' "Confidential" or "Confidential - Attorneys' Eyes Only" information pursuant to this Order.

13.     If, through inadvertence, a producing party discloses information or documents that it believes should have been designated as "Confidential" or "Confidential - Attorneys' Eyes Only," it may subsequently designate such information or documents as belonging to the appropriate category. After such designation is made, all receiving parties shall treat the information or documents accordingly. If the documents or information have been disclosed by the receiving party prior to the designation, the receiving party shall notify the producing party and shall also make a good faith effort to have the documents and/or information returned.

14.     If, at any time during the preparation for trial or during the trial of this action, the receiving party claims that the producing party or a non-party has unreasonably designated certain information as "Confidential" or "Confidential - Attorneys' Eyes Only," or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the receiving party must notify the producing party (and the non-party, if applicable) in writing that the receiving party objects to the "Confidential" or "Confidential - Attorneys' Eyes Only" designation and the reasons therefor. Within ten (10) business days of such notification, the parties shall meet and confer in an attempt to resolve the receiving party's objection to the designation. If that attempt at resolution fails, the producing party may seek relief from the Court within five (5) business days of the parties' meet and confer, and the receiving party may object to the relief sought within five (5) days after the request is submitted to the Court. No information may be disclosed while there is an outstanding objection unless the producing party fails to file a motion for relief with the Court within five (5) business days of the meet and confer. The burden will be on the producing party to show good cause as to why the information should remain "Confidential" or "Confidential - Attorneys' Eyes Only."

15.     This Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

16.     This Order shall not prevent the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from

- 7 -

1 | agreeing among themselves to waive this Order in part or whole as to particular designated
2 | information or to modify or vacate this Order.

3     17. Upon final termination of this action (including any appeals), each party shall
4 | assemble and return all designated materials, including copies, to the person(s) and entity(ies)
5 | from whom the material was obtained. The attorney of record may retain one (1) copy of the
6 | designated information attached to any pleading filed with the Court or marked as an exhibit to
7 | a deposition, or which is part of deposition testimony.

8     18. Any court with jurisdiction over this action shall retain such jurisdiction with
9 | respect to this Order for purposes of enforcing its terms and conditions and to enable any party
10 | herein affected to apply for such order and further orders concerning the subject of this Order
11 | as may be necessary or appropriate. Each person or entity which receives or produces any
12 | designated information hereby agrees to subject itself to the jurisdiction of such court for the
13 | purpose of any proceedings relating to the performance under, compliance with, or violation of
14 | this Order.

DATED: June 17, 2008    Respectfully submitted,

By: */s/ Gia L. Cincone*
Gia L. Cincone
TOWNSEND AND TOWNSEND AND CREW LLP

Attorneys for Plaintiff
LEVI STRAUSS & CO.

DATED: June 17, 2008    By: */s/ Rachel R. Davidson*
Rachel R. Davidson
K&L GATES

Attorneys for Defendant
ESPRIT US DISTRIBUTION, LTD.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____ _____
Hon. Susan Illston
United States District Judge

# EXHIBIT A

# CERTIFICATION

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America: that I am employed by _____ in the capacity of _____; that I am not currently and have not within the past two (2) years been an employee of any party to this action; that I have read a copy of the Stipulated Protective Order that has been entered in this case; that I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as confidential information; that I agree not to disclose any such confidential information to any person not entitled to receive disclosure of the same under the provisions of the Stipulated Protective Order; that I agree to use any such confidential information solely for the purposes appropriate to my participation in this case; that I agree to be subject to the jurisdiction of the United States District Court for the Northern District of California for purposes of any proceedings related to the performance under, compliance with, or violation of said Stipulated Protective Order; and that I agree to be bound and abide by said Stipulated Protective Order in every respect.

Dated: _____     _____
                                         Signature

61238892 v1